AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 15-6349-LSS |
| AL CORNELIUS TOOKS, JR., | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __7/10/2015__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Possession of a controlled substance with intent to distribute |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Allen S. Klimesh, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __8/19/2015__

_____
Judge's signature

City and state: __Fort Lauderdale, Florida__   __Lurana S. Snow, U.S. Magistrate Judge__
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

Your affiant, Allen S. Klimesh, being duly sworn, deposes and states:

1. I am employed as a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 2014. I am currently assigned to investigate drug trafficking organizations as a member of the South Florida High Intensity Drug Trafficking Area (HIDTA) Task Force in Miami, Florida. HIDTA is an investigative entity that is comprised of law enforcement officers from various federal, state and local law enforcement agencies who work together in a cooperative relationship. My responsibilities, training, and experience include investigation of a variety of violations of federal law, including drug trafficking. I am familiar with many of the typical practices and operations of both large- and small-scale drug trafficking organizations. Prior to becoming an FBI Special Agent, I completed FBI training at the FBI Academy in Quantico, Virginia. This training covered all aspects of drug and money laundering investigations required to become a Special Agent with the FBI.

2. The facts contained in this affidavit are based on information relayed to me by others, including other law enforcement personnel involved in this investigation as well as based on my personal knowledge. This affidavit is being submitted for the sole purpose of establishing probable cause that Al Cornelius TOOKS, Jr., possessed a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). This affidavit therefore does not contain all of the information known as a result of this investigation.

### Background

3. Agents from the FBI Miami Field Division received information from a Confidential Human Source (CHS), which pertained to, among other things, Al Cornelius TOOKS, Jr. The CHS identified TOOKS as a South Florida-based supplier of both "Flakka" and

1

"Molly." TOOKS described himself to the CHS as the largest local source for Flakka. This CHS has provided information that law enforcement has corroborated through consensual recordings.

Current Investigation

4. In or around June 2015, TOOKS agreed to sell one kilogram of "Molly" to the CHS for $5,500. TOOKS also offered to "front" the CHS an additional kilogram of "Molly," meaning that he would provide a second kilogram in advance of payment, which the CHS would provide in the near future. These discussions between TOOKS and the CHS were recorded.

5. In or around July 2015, before the planned transaction, TOOKS increased the price of each kilogram from $5,500 to $7,000, claiming that was the current market price.

6. On or about July 10, 2015, TOOKS met the CHS at a Chevron Gas Station located at 1625 South Federal Highway, Hollywood, Florida 33030. The CHS and TOOKS drove separately to TOOKS's residence, located at 1838 Washington Street, Hollywood Florida, 33020. TOOKS and the CHS parked in the alleyway by Washington Street and together walked into the apartment complex, then entered the residence. TOOKS indicated to the CHS the drugs were in a bag sitting on a glass table. TOOKS told the CHS he was not sure if he was giving the CHS Molly or "Crazy." The CHS understood "Crazy" as a reference to Flakka. TOOKS said that if the CHS opened the package and noticed a strong odor, then the package contained Flakka. TOOKS instructed the CHS to return the packages if they contained Flakka and he would exchange it for Molly.

7. The two kilograms of Molly sold by TOOKS to the CHS on this occasion were in a brown paper bag, with each kilogram individually packaged in plastic bags. Each kilogram was wrapped in plastic with the outer bag covered in Chinese characters. TOOKS told the CHS

he had the drugs directly delivered from China and had email contact with the suppliers. The CHS paid TOOKS $7,000, with the expectation that the CHS would pay an additional $7,000 for the "fronted" kilogram in the near future.

8. The purchased substance was submitted to the DEA Southeast Laboratory for analysis. The laboratory detected the presence of a controlled substance, namely, ethylone (3,4-Methylenedioxyethylcathinone Hydrochloride), with a total net weight of 1,987.3 grams.

9. On or about July 27, 2015, the CHS went back to TOOKS's residence to make the final payment for the above-described purchase. The CHS paid $7,000 to TOOKS during this meeting.

10. Based on the foregoing facts and circumstances, your affiant submits that there is probable cause that there is probable cause that TOOKS possessed a controlled substance with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Allen S. Klimesh
Special Agent, FBI

Subscribed and sworn to before
me this 19 day of August, 2015.

_____
HONORABLE LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 15-6349-LSS

UNITED STATES OF AMERICA

vs.

AL CORNELIUS TOOKS, JR.,

        **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   __X__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
        Benjamin C. Coats
        ASSISTANT UNITED STATES ATTORNEY
        Court No. A5501785
        11200 N. W. 20th Street
        Miami, Florida 33172
        TEL (305) 715-7649
        FAX (305) 715-7639
        Benjamin.Coats@usdoj.gov