UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-60216-cr-DTKH

UNITED STATES OF AMERICA

vs.

AL CORNELIUS TOOKS, JR.,

      Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Al Cornelius Tooks, Jr., (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count two of the indictment, which count charges the defendant with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. This Office agrees to seek dismissal of count one of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty years, and any term of imprisonment must be followed by a term of supervised release that must be at least three years and may be up to life.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000.

5.   The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.   This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court.   This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but

not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.   The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

9.   This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.   The defendant understands and agrees, however, that nothing in this agreement requires this Office to

4

ACT

file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10.   The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.   In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11.   This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) that the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) and Application Note 8 (Drug Equivalency Table) of the Sentencing Guidelines is 49.2 kilograms of 3,4-methylenedioxyethylcathinone, commonly referred to as ethylone, and 43 kilograms of α-pyrrolidinovalerophenone, commonly referred to as flakka;

(b) that each gram of ethylone equals 500 grams of marijuana and each gram of flakka equals 380 grams of marijuana, for purpose of Section 2D1.1, Application Note 8 (Drug Equivalency Table) of the Sentencing Guidelines; and

(c) that the equivalent quantity of marijuana involved in the offense, for purpose of Section 2D1.1(c) of the Sentencing Guidelines, is 40,940 kilograms.

12.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.   The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13.    The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities.   Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including but not limited to those specific personal properties set forth in the forfeiture counts of the indictment.   Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

14.    The defendant further agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853. Those assets include: $117,599 in United States currency, recovered from the defendant on August 20, 2015.   The above named property is property constituting, or derived from, proceeds of an unlawful drug activity or was used or intended to be used to facilitate unlawful drug activity as set forth in the Indictment.

15.    The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

16.   This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: _12/17/15_                              By: _____

                                             BENJAMIN C. COATS
                                             ASSISTANT UNITED STATES ATTORNEY

Date: _12/0/2015_                            By: _____

                                             WILLIAM LEONARD ATHAS
                                             ATTORNEY FOR DEFENDANT

Date: _12-10-15_                             By: _____

                                             AL CORNELIUS TOOKS, JR.
                                             DEFENDANT

8

ACT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60216-CR-DTKH

UNITED STATES OF AMERICA

v.

AL CORNELIUS TOOKS, JR.,

      Defendant.

_____/

## FACTUAL PROFFER

If the case involving the Defendant, Al Cornelius Tooks, Jr., had gone to trial, the United States of America would have proven the following beyond and to the exclusion of every reasonable doubt:

On or about August 20, 2015, in Broward County, in the Southern District of Florida, the Defendant knowingly possessed 3,4-methylenedoixyethylcathinone, commonly referred to as ethylone, a Schedule I controlled substance, and intended to distribute that ethylone. Before that date, a confidential informant (CI) set up a deal to obtain two kilograms of ethylone from the Defendant, paying $7,000 for one kilogram and receiving the second kilogram on consignment.

On August 20, 2015, the CI went to the Defendant's residence, in Broward County, and met with the Defendant. The Defendant advised the CI that he had only one kilogram of ethylone. The CI bought that kilogram, and the Defendant put it in the trunk of the CI's car. The CI paid the Defendant $7,000.

1

The Defendant was then taken into custody by law enforcement and consented to a search of his residence. That search revealed the presence of two more kilograms of ethylone, along with $117,599 in United States currency, much of which was concealed in the lining of a suitcase. The Defendant admitted to law enforcement that this currency represented the proceeds of drug trafficking; that he had been ordering kilogram quantities of ethylone and α-pyrrolidinopentiophenone, commonly referred to as α-PVP or flakka, for months; and that his most recent order of these controlled substances from China consisted of 25 kilograms of ethylone and fourteen kilograms of flakka.

A subsequent search of the Defendant's e-mail, pursuant to a search warrant, revealed that the Defendant ordered and received at least 49.2 kilograms of ethylone and 43 kilograms of flakka as part of the same course of conduct and common scheme and plan as his August 20, 2015 possession with intent to distribute.

Dated December 17, 2015.

Respectfully Submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____

BENJAMIN C. COATS
Assistant United States Attorney

_____

WILLIAM LEONARD ATHAS
Counsel for the Defendant

_____

AL CORNELIUS TOOKS, JR.
Defendant

2